UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
COLONY INSURANCE COMPANY,

                              Plaintiff,        Civil Case No.:

v.

                                          **COMPLAINT FOR**
                                          **DECLARATORY JUDGMENT**

UNITED SPECIALTY INSURANCE COMPANY
AND ANGEL D. LAUREANO

                              Defendants.
------------------------------------------------------------x

Plaintiff, COLONY INSURANCE COMPANY ("Colony" or "Plaintiff"), by its attorneys LONDON FISCHER LLP, states the following as and for its Complaint against Defendants, UNITED SPECIALTY INSURANCE COMPANY ("USIC") and ANGEL D. LAUREANO ("Laureano").

## NATURE OF THE ACTION

1. In this action, Colony seeks a declaration that USIC is obligated to defend and indemnify its insured, 162 E 206 Development LLC ("162") in connection with a lawsuit, which is hereinafter referred to as the "Underlying Action," as defined below in Paragraph 17.

2. Angel Laureano alleges he suffered injuries on August 28, 2020, and subsequently filed the Underlying Action on May 13, 2022 in Supreme Court, Bronx County.

3. Colony has been forced to defend 162 in the Underlying Action and has incurred defense costs and expenses because of USIC's refusal to defend and indemnify 162.

## PARTIES

4. Colony is a Nebraska insurance company (not an LLC) with its principal place of business in Chicago, Illinois.

5. At all times material hereto, USIC was and is a foreign corporation with its principal place of business in Bedford, Texas, is domiciled in Texas and is licensed and authorized to do business in the State of New York, including the issuance of insurance policies in the State of New York.

6. At all times material hereto, Laureano was, and is, domiciled in Bronx County, State of New York.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction is based upon 28 U.S.C.A. § 1332 and 28 U.S.C.A. § 2201 because the action involves citizens of different states and the amount in controversy related to the Underlying Action exceeds the sum or value of $75,000, exclusive of interest and costs.

8. In the Underlying Action, Laureano alleges multiple permanent injuries, including multiple fusion surgeries requiring extensive medical care.

9. An actual controversy exists between the parties regarding their respective rights and obligations under the relevant policy of insurance.

10. Personal jurisdiction over USIC is proper as it is a Texas insurance company, is domiciled in Texas and conducts business in the State of New York.

11. Personal jurisdiction over Laureano is proper as he is a resident of, and domiciled in, Bronx County, New York.

12. Venue is proper under 28 U.S.C.A. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## INSURANCE POLICY

13. USIC issued a Commercial General Liability policy to its Named Insured SKF General Contractors, LLC ("SKF"), bearing Policy # PSS2001061, effective from July 17, 2020 through July 17, 2021 ("USIC Policy").

14. The USIC Policy provides coverage for "bodily injury" that takes place during its policy period and is caused by an accident.

15. 162 qualifies as an Additional Insured under the USIC Policy on a primary and non-contributory basis.

## CONTRACT

16. In a September 2019 contract, SKF agreed to procure insurance on behalf of 162, and to name 162 as an Additional Insured on a primary and non-contributory basis on its own insurance policy with USIC.

## ACCIDENT AND UNDERLYING LAWSUIT

17. On May 13, 2022, a Complaint was filed entitled, *Angel D. Laureano v. 162 E. 206 Development LLC and SKF Development, LLC*; Supreme Court, Bronx County; Index No: 807361/2022E. On April 27, 2023, a Third-Party Action was filed entitled, *162 E. 206 Development LLC v. SKF General Contractors, LLC and A.C. Landscaping & Masonry, LLC* (both lawsuits are collectively referred to as the "Underlying Action").

18. In the Underlying Action, Laureano alleges that on August 28, 2020, he was working at 170 East 206th Street, Bronx, New York 10458 ("Premises") when he was struck by falling debris and was injured.

19. In the Underlying Action, it is alleged that SKF was negligent and directly responsible for Laureano's injuries.

20. Colony assigned counsel to defend 162 and is paying for 162's defense in the Underlying Action.

**TENDERS**

21. Colony tendered the Underlying Action to USIC on behalf of 162 on June 27, 2022.

22. Well over a month later, on August 11, 2022, USIC provided an improper coverage determination and denied Colony's tender.

23. On May 15, 2023, Colony responded and advised why USIC's declination was factually and legally incorrect, attached additional documents and requested reconsideration of the denial of coverage.

24. USIC never responded to Colony's second tender of the Underlying Action.

25. USIC has refused to defend and indemnify 162 in connection with the Underlying Action under the USIC Policy.

26. USIC is estopped from denying coverage to 162 and has waived all potential coverage defenses under the USIC Policy in connection with the Underlying Action.

27. Colony has been forced to defend 162 in the Underlying Action and has incurred defense costs and expenses because of USIC's improper refusal to defend and indemnify 162.

28. An actual controversy exists between Colony and USIC with respect to USIC's duty to defend and to indemnify 162 in connection with the Underlying Action.

29. Colony has no adequate remedy at law.

**FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

30. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "29" as if fully set forth herein.

31. The subject accident and the Underlying Action fall within coverage afforded by USIC under the USIC Policy.

32. 162 is USIC's insured under the USIC Policy and is entitled to defense and indemnity from USIC in connection with the subject accident and the Underlying Action.

33. USIC must provide primary and noncontributory coverage for the subject accident and the Underlying Action to 162 under the USIC Policy.

34. As a result of its violation of New York Insurance Law §3420, USIC is estopped from denying coverage to 162 and has waived all potential coverage defenses under the USIC Policy.

35. Colony is entitled to a declaration that USIC has a duty to defend and indemnify 162 on a primary and noncontributory basis in connection with the subject accident and the Underlying Action and must reimburse Colony for past defense costs and expenses incurred for 162 as an Additional Insured under the USIC Policy.

**SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT**

36. Plaintiff repeats and re-alleges the allegations contained in paragraph "1" through paragraph "35" as if fully set forth herein.

37. The subject accident and the Underlying Action fall within the coverage afforded by USIC under the USIC Policy.

38. All terms and conditions of the USIC Policy have been complied with and met.

39. USIC is obligated to defend and to indemnify 162 on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the USIC Policy.

40. USIC has breached its obligations by refusing to defend and to indemnify 162 in connection with the subject accident and the Underlying Action under the USIC Policy.

41. As a result of its violation of New York Insurance Law §3420, USIC is estopped from denying coverage to 162 and has waived all potential coverage defenses under the USIC Policy.

42. As a result of USIC's breach of its obligation to defend and to indemnify 162 in connection with the subject accident and the Underlying Action, Colony has been required to incur defense costs that should have been incurred by USIC and continues to do so.

43. Colony has suffered and will continue to suffer damages on account of USIC's refusal to fulfill its obligations to defend and to indemnify 162 in connection with the subject accident and the Underlying Action.

44. USIC is liable for any and all damages by virtue of its breach of its obligation to defend and to indemnify 162 in connection with the subject accident and the Underlying Action, including paying past defense costs and ongoing costs and fees and expenses for defense and/or indemnity.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment as follows:

a. Declaring that USIC has a duty to defend and to indemnify 162 on a primary and noncontributory basis in connection with the subject accident and the Underlying Action under the USIC Policy and to reimburse Colony for past defense costs and expenses;

b. Awarding Colony all damages incurred by virtue of USIC's breach of its obligation to defend and to indemnify 162 in connection with the subject accident and the Underlying Action; and

  c. Awarding attorneys' fees, costs and interest, and such other and relief as this Court may deem necessary and proper.

Dated: New York, New York
   April 25, 2025

         LONDON FISCHER LLP

         <u>/s/ William J. Edwins</u>
      By: William J. Edwins
        Attorneys for Plaintiff
        Colony Insurance Company
        59 Maiden Lane, 39th Floor
        New York, New York 10038
        (212) 972-1000
        Our File No.: 417.0567286